## MILLER v. STATE. (No. 12198.)

Court of Criminal Appeals of Texas.
April 24, 1929.

Rehearing Denied Oct. 16, 1929.

R. H. Cocke, of Wellingston, and Black & Graves, and Robert M. Turpin, all of Austin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

■ Complaint is made in the brief of appellant of the refusal of an application for a postponement, but we find in the record no bill of exceptions taken to such refusal. The authorities are so numerous as to not need citation, to the effect that such error will not be considered, unless a bill of exceptions is taken.

■■ We find in the record but one bill of exceptions, which is lengthy and in question and answer form, and for this reason cannot be considered, but we observe that, if it was considered, we are of opinion same would present no error. The testimony is conflicting, but that of the state amply supports the proposition that appellant sold intoxicating liquor on the occasion mentioned to the party named in the indictment. This being true, we would have to give effect to the conclusion reached by the jury, and uphold their verdict.

No error appearing in the record, the judgment will be affirmed.

HAWKINS, J., absent.

### On Motion for Rehearing.

MORROW, P. J. The record reveals the complaint of the refusal of the court to give the jury a special instruction presenting what the appellant claims as an "affirmative defensive theory." The requested charge contains the following:

"Now, if you find and believe from the evidence that the prosecuting witness Summers brought said whisky to said garage with him on the night of defendant's arrest and that the defendant did not, on said night, sell the same to the prosecuting witness, or if you have a doubt thereof, you will acquit the defendant and say by your verdict not guilty."

The point was not stressed on the original hearing, nor was it discussed in the opinion. Appellant owned a filling station. The witness Summers, at night, went in his automobile to the filling station of the appellant. Officers were watching the place, and while there seized a half gallon of whisky which was in Summers' automobile, and at the same time arrested both Summers and the appellant. Summers testified for the state that the whisky was placed in his car by the appellant, and that he paid appellant $5 for the liquor. The appellant and his wife both denied that he placed the whisky in the car or that he sold it to Summers. The appellant's wife testified that on the morning of the same day Summers had come to the filling station and gotten a "soda-pop" bottle, into which he poured something from a jar which was in the automobile. The appellant was not present at the time. It was in evidence that Summers did not go to the filling station that morning, and that when he got near there he found the appellant in his own automobile, which was near a bridge and had stopped and could not be started; that Summers, using his car, pulled the appellant's car to town. At that time Summers claims to have had whisky in his car which he had obtained from the appellant by purchase; that he hauled the whisky to a point about two miles from

town, where he hid it. Summers testified to having purchased whisky from the appellant several times, but, with the exception of the testimony to which reference is made above, he failed to give the dates of the previous purchases. Upon searching the appellant at the time of his arrest, no money was found upon his person except about $4 in silver.

Counsel for the appellant insists that the testimony to the effect that Summers had had whisky in his car during the morning, in connection with the testimony of the appellant and his wife, in substance to the effect that the jar of whisky which was recovered by the officers was not placed in Summers' car by the appellant, presented an affirmative defensive theory, especially in view of the evidence that Summers had a half gallon of whisky which was found in his car after he arrived at the filling station.

 If we properly comprehend Summers' testimony, it raised an issue touching the sale of whisky on the morning of the day; that is to say, from Summers' testimony it would seem that all the whisky he had in his possession at any time during the day was obtained from the appellant. There was no request for an election between the transactions. The testimony of Summers and that of the appellant and his wife are not to be reconciled. It is believed that the charge given, leaving to the jury the question of sale of whisky by appellant on the day of the arrest, and according him the benefit of the presumption of innocence and reasonable doubt, fully protected his rights, and that in refusing the special charge there was no reversible error committed.

The motion is overruled.